CARL E. STEWART, Circuit Judge,
dissenting:
I agree with the majority that Mississippi’s careless driving statute is constitutional. However, on the issue of probable cause, I respectfully dissent.
When reviewing a suppression ruling, we view the evidence in the light most favorable to the prevailing party, and we accept the factual findings of the district court unless they are clearly erroneous or were influenced by an incorrect interpretation of the law. United States v. Rodea, 102 F.3d 1401, 1404 (5th Cir.1996). Under the recitation of the facts by the majority, with which I do not disagree, I do not conclude that Deputy Sanders had probable cause to stop Escalante for careless driving.
Deputy Sanders testified that his suspicions were aroused when he noticed the *682 brake lights of Escalante’s car illuminate as it passed him. He also noted that the vehicle may have been speeding. However, this observation is surely makeweight because Deputy Sanders did not have a radar gun, and he did not articulate any observations consistent with an assessment of speeding. Additionally, Deputy Sanders made no claim that the mere brief illumination of the brake light was necessarily probative of any moving violation for which a ticket might have been written. As the majority opinion notes, Sanders candidly acknowledged at the suppression hearing that he suspected drug smuggling when Escalante passed him. Even allowing for our deferential standard for reviewing the facts, it is fair to conclude that after following Escalante for three miles, Deputy Sanders had pulled very closely behind his vehicle. This conclusion is supported by Deputy Sanders’ heavy reliance in his testimony on his observation of Es-calante checking his rear-view mirror, an observation which indicates close proximity to the vehicle. As a result of Deputy Sanders’ tailgating pursuit of the vehicle, Escalante weaved at least twice, crossing the white lane divider. The majority finds that, while Escalante’s arguments that Deputy Sanders’ conduct distracted him and caused him to weave across the divider lines are persuasive, Deputy Sanders could have reasonably concluded that a careful driver would not have reacted as Escalante did.
The candid testimony of Deputy Sanders reveals that he had no basis upon which to stop Escalante for a traffic violation but that he simply had a hunch. His main goal that day was obviously not to catch speeders but instead to employ his drug-sniffing dog. Notwithstanding the difficult job that law enforcement officers have and the preeminent societal need to vigilantly thwart drug trafficking, I cannot agree that though armed with a salutary purpose, an officer can manufacture probable cause by tailgating a motorist.
While it is true that under Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), a pretextual stop does not violate the Fourth Amendment if there is probable cause, a police officer cannot constitutionally create the very probable cause upon which he relies to make a stop. Whren rejected the notion that the subjective intent of an officer can be used in assessing the constitutional reasonableness of a stop. See Whren, 517 U.S. at 813-14, 116 S.Ct. 1769. However, the Court did not give police officers carte blanche to create probable cause.
There is an important distinction between pretext, addressed in Whren, and the creation of probable cause, which is the scenario in this case. Where an officer conducts a pretextual stop, he does “under the guise of enforcing the traffic code what [he] would like to do for different reasons.” Whren, 517 U.S. at 814, 116 S.Ct. 1769. However, in this case, Deputy Sanders proceeded after Escalante on a hunch, distracted him, and essentially created the probable cause that he needed to stop him. In other words, Deputy Sanders elicited a response from Escalante, whose conduct to that point had not given rise to probable cause, and then used that response against him.
In the context of the exigent circumstances exception, we have found that police officers cannot create urgent circumstances and then rely on them to make a warrantless search. See United States v. Blount, 123 F.3d 831, 838 (5th Cir.1997) (en banc) (“It is true that the prosecution may not rely upon an exigency that the police themselves created through unreasonable investigatory tactics.”); Rodea, 102 F.3d at 1409 (“Needless to say, the exigent circumstances exception does not apply if the Government created or ‘manufactured’ the exigency.”). Similarly, here, Deputy Sanders’ reliance on the probable cause that he created is impermissible in my view.
Even assuming that Escalante’s conduct fits within Mississippi’s careless driving statute, and even given the elasticity of Whren, I cannot hold that an officer can simply have a hunch and then create prob *683 able cause to stop a motorist. Therefore, I respectfully dissent.